IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE JENKINS,

    Plaintiff,                    No. CIV S-04-2520 LKK JFM P

    vs.

ARNOLD SCHWARZENNEGER,

    Defendant.                 ORDER AND

_____/       FINDINGS & RECOMMENDATIONS

        Plaintiff is state prisoner proceeding pro se and in forma pauperis. On April 13, 2005, this court issued findings and recommendations recommending this action be dismissed for plaintiff's failure to file a second amended complaint. After receiving two extensions of time, plaintiff filed a second amended complaint on June 6, 2005.[1] Good cause appearing, the April 13, 2005 findings and recommendations will be vacated.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] Although entitled "First Amended Complaint," the June 6, 2005 amended complaint is plaintiff's second amended complaint. On January 10, 2005, plaintiff filed his first amended complaint, which was titled "Complaint." Plaintiff's original complaint was filed November 29, 2004.

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his June 6, 2005 amended complaint, plaintiff claims that defendant intentionally lied to the public by repeatedly airing commercials shortly before the November 2004 election, "personally stat[ing] that 26,000 child molestors, rapists and murders were going to be released if Proposition 66, the Three Strikes and Child Protection Act of 2004, were to pass."  (Amended Complaint at 2-3.)  Plaintiff contends that polls showed Proposition 66 would have passed had the defendant not intentionally lied to the public, thus violating plaintiff's liberty interest in the right to be free from incarceration.  (Id. at 2.)  Plaintiff seeks injunctive relief,

including an order to poll the voters to determine whether voters would change their vote on Proposition 66 and, if so, order that there be a re-vote on Proposition 66 and defendant be required to air a revised commercial in California, retracting his allegedly false statements.

      Plaintiff's civil rights claim under 42 U.S.C.§ 1983 fails to state a cause of action. Generally, state officials are not subject to suit under section 1983 "unless they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

      Plaintiff has not asserted a specific constitutional deprivation.  He generically claims a "civil right to be free from incarceration a liberty interest" (Complaint at 2), which appears to involve the speculative claim that plaintiff would have been released from prison because Proposition 66 would have passed had defendant not made false statements about the results of Proposition 66.  Defendant has a First Amendment right to voice his opinion about proposed legislation.  Defendant did not violate any constitutional right by voicing his opinion about Proposition 66.  Thus, this action must be dismissed for failure to state a claim under 42 U.S.C. § 1983.

      Accordingly, IT IS HEREBY ORDERED that the April 13, 2005 findings and recommendations are vacated.

      IT IS HEREBY RECOMMENDED that plaintiff's June 6, 2005 amended complaint be dismissed for failure to state a claim.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

1 | Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3 | F.2d 1153 (9th Cir. 1991).
4 | DATED: July 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

8 | 1;jenk2520.56